## In re JONES.

Court of Appeals of District of Columbia. Submitted January 16, 1929. Decided February 4, 1929.

No. 2111.

Irving U. Townsend, of Boston, Mass., for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for Board of Appeals.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Board of Patent Appeals rejecting appellant's application for a patent for a method of producing a seamless tubular stocking with heel and toe pocket gore. Claims 1 and 6 are typical, and read as follows:

"1. A knitted gore formed without sinkers, upon spring beard needles from a unitary yarn, comprising two reciprocal sections of knitted fabric integrally united by relatively unslackened interknitted loops formed by sections of yarn connecting successive courses of said fabric sections."

"6. A so-called seamless, tubular stocking formed without sinkers upon spring beard needles from a unitary yarn and having heel and toe pockets, each comprising a knitted gore composed of interknitted re-spectively narrowed and widened supplementary partial courses, devoid of slack, i. e., taut, in the first formed loop of each widening partial course where interknitted with the last formed loop of the corresponding narrowed partial course, which last formed loop was held by the last idle needle during the formation of the remaining narrowing courses, and also in the sinker whale between said first formed loop and the next formed loop of said widening partial course and therefore entirely devoid of apertures, gaps and eyelet holes along the entire extent of the resulting seams of the gore."

Without stopping to consider the references used by the Patent Office, as well as appellant's prior patent, we agree with the Board that appellant is claiming an article described in part by the structural features of the machine by which it is produced, and in part by the means of manipulating the machine to produce the article. The claims are therefore not product or article claims, inasmuch as limitations to the structure and mode of operation of the machine by which the article is produced are improper limitations upon product or article claims.

We also agree with the Board that even if the claims were stripped of the improper limitations, appellant has shown no invention over the prior art.

The decision of the Board is affirmed.